# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RODRIECH N. NKARAKWI (01),<br><br>    Defendant. | Case No. 17-20021-01-DDC |

## MEMORANDUM AND ORDER

Pending before the court is Rodriech N. Nkarakwi's pro se[1] Motion for Compassionate Release (Doc. 137) under 18 U.S.C. § 3582(c)(1)(A). For reasons explained below, the motion is dismissed for lack of subject matter jurisdiction.

**I.**     **Background**

On May 21, 2021, Mr. Nkarakwi filed his pro se Motion for Compassionate Release (Doc. 137). The motion tells a compelling story. *See id.* at 2–4 (describing Mr. Nkarakwi's personal loss during childhood, dramatic voyage to the United States, and current struggles involving his young child). So, the court issued two separate Show Cause Orders in response. First, the court entered a Show Cause Order to the United States government directing the government to file a Response addressing "the full merits of defendant's request." Doc. 139 at 1. And second, the court entered a Show Cause Order (Doc. 140) to Mr. Nkarakwi. This Show Cause Order directed Mr. Nkarakwi to file a supplement to his motion providing proof that "he

---

[1]     Because Mr. Nkarakwi filed the current motion pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't become an advocate for the pro se party. *Id.* Likewise, Mr. Nkarakwi's pro se status doesn't excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

discharged § 3582(c)(1)(A)'s prerequisite that he either exhaust available administrative remedies or file his motion after 'the lapse of 30 days from the receipt of such a request by the warden of [his] facility[.]'" *Id.* at 1 (quoting 28 U.S.C. § 3582(c)(1)(A)); *see also id.* at 3–4 (explaining that Mr. Nkarakwi must fully exhaust administrative remedies if the warden of his facility denied his request within 30 days).

On June 28, 2021, the Clerk of Court docketed Mr. Nkarakwi's Response to the Court's Show Cause Order (Doc. 141). The filing attaches a letter from the warden at Mr. Nkarakwi's facility denying his request for compassionate release. Doc. 141-1 at 1. Specifically, the attachment explains that it is a letter "in response to [Mr. Nkarakwi's] Inmate Request to Staff on May 18, 2021." *Id.* Importantly, the warden's denial letter is dated May 24, 2021. *Id.*

On July 2, 2021, the government filed its Response to Defendant's Motion for Compassionate Release (Doc. 142). *See id.* at 3 ("The government objects to the defendant's motion for compassionate release[.]"). The government argues that Mr. Nkarakwi hasn't satisfied procedural requirements, at least in part, because his motion and supplement don't provide any certainty that he satisfied exhaustion requirements established by § 3582(c)(1)(A). *Id.* at 4–5 (arguing that "without the defendant's underlying request for compassionate release, it is impossible to determine exactly what the defendant presented to the Warden as a basis for compassionate release" and asserting that "defendant's instant motion must be premised on the very same grounds presented to the Warden" (citations omitted)). The government also opposes the merits of his request. *See id.* at 9–16. Below, the court addresses the governing legal standard for motions for compassionate release. Then, the court analyzes Mr. Nkarakwi's Motion for Compassionate Release.

## II. Legal Standard

The Show Cause Order to Mr. Nkarakwi explained in detail the legal standard governing motions for compassionate release. *See* Doc. 140 at 2–3. In short, our Circuit instructs that:

> [A] district court may . . . grant a motion for reduction of sentence, whether filed by the Director of the BOP or a defendant, only if three requirements are met: (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable.

*United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). But, a district court may reach these considerations only after satisfying itself that the court has jurisdiction to consider defendant's motion in the first place. *United States v. Poutre*, 834 F. App'x 473, 474 (10th Cir. 2021).

As amended by the First Step Act, § 3582(c)(1)(A) allows courts to modify a sentence on a defendant's own motion if certain conditions are met. A court may assess the merits of a defendant's motion if, but only if: (1) he "fully [has] exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or" (2) "the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In other words, our Circuit treats § 3582(c)(1)(A)'s exhaustion and lapse requirements as a jurisdictional hurdle. *See United States v. Spaulding*, 802 F.3d 1110, 1122 (10th Cir. 2015) ("[A]s a textual matter . . . the relevant provisions of § 3582(c) operate[ ] as a clear and mandatory restriction on a court's authority" (internal quotation marks and citation omitted)); *see also United States v. Salcido*, 849 F. App'x 230, 231 (10th Cir. 2021) (explaining that defendant's "failure to exhaust was fatal to his motion").

3

Administrative exhaustion or lapse is a jurisdictional requirement for compassionate release requests. *See Salcido*, 849 F. App'x at 231 (vacating district court's denial of compassionate release and remanding with instructions "to dismiss it for lack of jurisdiction" because defendant failed to exhaust administrative remedies); *see also United States v. Moreno*, __ F. Supp. 3d __, 2021 WL 512225, at *2 (D. Kan. Feb. 11, 2021) (Lungstrum, J.) ("And where agency regulations require issue exhaustion, courts reviewing agency action regularly ensure against the bypassing of that requirement by refusing to consider unexhausted issues." (internal quotation marks and citations omitted)). Likewise, to satisfy this administrative exhaustion requirement, the basis of a defendant's request for compassionate release to a district court must overlap with the basis of his request to their warden. *Moreno*, 2021 WL 512225, at *2 ("Because defendant at least relied on his medical condition and the BOP reviewed his condition in addressing the request, the court concludes that defendant has exhausted his administrative remedies.").

## III. Analysis

For at least two reasons, the court must dismiss Mr. Nkarakwi's motion for lack of subject matter jurisdiction. *First*, the government makes a good point that without defendant's original request to the warden of his facility, the court can't say for certain whether this case presents the same basic request that Mr. Nkarakwi submitted to his warden. Doc. 142 at 3 (citation omitted); *see also Moreno*, 2021 WL 512225, at *2. The court agrees. Mr. Nkarakwi hasn't provided any information about the claims he included in his request for compassionate release to the warden of his facility. So, the court can't determine whether he has exhausted the claims raised in his initial request.

*Second*, and more obvious, it's clear that Mr. Nkarakwi hasn't exhausted his administrative remedies after the warden's timely denial of his request. *See Maumau*, 993 F.3d at 830 (explaining that § 3582(c)(1)(A) allows "a defendant to directly file a motion for compassionate release with the district court after either exhausting administrative rights to appeal the Director of the BOP's failure to file such a motion, or the passage of 30 days from the defendant's unanswered request to the warden for such relief"). Mr. Nkarakwi requested compassionate release through the warden of his facility on May 18, 2021. *See* Doc. 141-1 at 1. Less than 30 days later, on May 24, 2021, the warden responded and denied his request. *See id.*

"[I]f the warden responds to a request within 30 days, defendant must fully exhaust available administrative appeals before filing a motion in district court." *United States v. McIntosh*, No. CR 11-20085-01-KHV, 2020 WL 5747921, at *2 (D. Kan. Sept. 25, 2020), *reconsideration denied*, No. CR 11-20085-01-KHV, 2020 WL 6270918 (D. Kan. Oct. 26, 2020). If a prisoner fails to satisfy these exhaustion or lapse requirements, then the court lacks authority to review the request. *Salcido*, 849 F. App'x at 231. Indeed, the warden's letter denying Mr. Nkarakwi's request mentioned that if Mr. Nkarakwi isn't "satisfied with this response, [he] may commence an appeal of this decision via the Administrative Remedy process by submitting [his] concerns on the appropriate form (BP-9) within 20 days of the receipt of this response." Doc. 141-1 at 1.

Here, the warden of Mr. Nkarakwi's facility responded to his request within 30 days. *See id.* So, Mr. Nkarakwi must exhaust the administrative appeals process before he asks this court to intervene. *McIntosh*, 2020 WL 5747921, at *2. Based on the record of information available to the court, it doesn't appear that Mr. Nkarakwi appealed the warden's timely denial of his request for compassionate release. So, the court must dismiss his motion for lack of subject

matter jurisdiction. *See Spaulding*, 802 F.3d at 1122; *see also Salcido*, 849 F. App'x at 231 ("This procedural defect meant the district court lacked the authority to review [defendant's] request, so dismissal rather than denial of the motion was the appropriate disposition." (citing *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014)).

**IV.     Conclusion**

Because Mr. Nkarakwi hasn't demonstrated that he discharged § 3582(c)(1)(A)'s jurisdictional prerequisite, his motion is dismissed.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Rodriech N. Nkarakwi's Motion for Compassionate Release (Doc. 137) is dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**Dated this 15th day of July, 2021, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
